# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
## CIVIL ACTION NO. _____

| | |
|---|---|
| RAJ HOSPITALITY, LLC, a Delaware Limited Liability Company, registered and Authorized to do business in North Carolina as "Wilmington Comfort Suites, LLC" and "Comfort Suites"<br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>PALOMAR INSURANCE HOLDINGS, INC., a Delaware Corporation; and PALOMAR SPECIALTY INSURANCE COMPANY, an Oregon Corporation and insurance company and wholly owned operating subsidiary of PALOMAR INSURANCE HOLDINGS, INC.,<br><br>　　　　　　　　　　　Defendants. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendants, Palomar Insurance Holdings, Inc. ("Palomar Insurance Holdings") and Palomar Specialty Insurance Company ("Palomar Specialty" and collectively "Defendants"), hereby give notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that they have removed the above-captioned matter to the United States District Court for the Eastern District of North Carolina. A copy of this Notice is being filed with the Clerk of the Superior Court of New Hanover County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Defendants state the following:

## PROCEDURAL HISTORY AND CASE BACKGROUND

1.　　This civil action regards whether a general liability insurance policy issued by Defendant Palomar Specialty to Plaintiff requires the insurer to indemnity Plaintiff for the damages it alleges it incurred.

2.　　On or about December 5, 2019, Plaintiff Raj Hospitality, LLC ("Raj" or

"Plaintiff") filed a complaint against the Defendants in the Superior Court of New Hanover County, North Carolina. The complaint was assigned case no. 19-CVS-4558 (the "State Court Action"). Plaintiff served the complaint upon Defendants, on Defendants' registered agents, on December 12, 2019. *See Exhibit 1, copy of Plaintiff's Complaint.*

3. According to the Complaint, Palomar Specialty issued an insurance policy bearing the number PAR 18 0000973 00 for the Plaintiff's property at 4721 Market Street, Wilmington, North Carolina (the "Property"), with effective dates of coverage from August 15, 2018 to August 15, 2019 (the "Policy"). *See Complaint, ¶11. See also Exhibit 2, a copy of the Policy.*

4. On or about September 14, 2018, Hurricane Florence passed through Wilmington, North Carolina, allegedly causing damage to Plaintiff's property. *See Complaint, at ¶¶ 7 and 12*.

5. The Complaint alleges the Plaintiff's Property suffered physical loss, loss of business income, and property damage as a result of Hurricane Florence. *Id., at ¶¶ 7 and 12.*

6. In its Complaint, Plaintiff alleges two causes of action against Defendant. The First Cause of Action is for Breach of Contract. It seeks damages in excess of $25,000. *Id., at ¶28.* Plaintiff's Second Cause of Action is for Bad Faith. It seeks damages in excess of $25,000 as well as punitive damages. *Id., at ¶¶34 and 37-38.*

7. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Defendant now removes this matter to this Court based upon diversity jurisdiction.

# JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

8. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.* Here, both criteria are met.

**A.  Complete Diversity of Citizenship Exists.**

9. According to the Complaint, Plaintiff is a Delaware limited liability company with its principal place of business in Wilmington, North Carolina whose citizenship is determined by the citizenship of its members. *See General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (citation omitted); *see also Ex. 1, Compl. ¶1*.

10. Mahendra Z. Patel is the sole member of Plaintiff according to the North Carolina Secretary of State. Mr. Patel is a citizen and resident of the state of New Jersey. *See Exhibit 3,* North Carolina Secretary of State Company Information. *See also Exhibit 4*, March 11, 2019 Annual Report. Accordingly, Plaintiff is a citizen of the state of New Jersey.

11. Defendant Palomar Specialty is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in La Jolla, California.

12. Defendant Palomar Insurance Holdings is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in La Jolla, California.

13. Given that Plaintiff and Defendants are the only Parties to this Action and

are citizens of different states, complete diversity between the Parties exists.

**B.    The Amount in Controversy Exceeds $75,000.00.**

14.    As indicated above, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.    Plaintiff's First Cause of Action seeks actual damages in excess of $25,000, plus interest. See *supra.*

16.    Plaintiff's Second Cause of Action seeks actual damages in excess of $25,000, plus interest, and punitive damages. *See supra.*

17.    Here, without the inclusion of punitive damages or interest, Plaintiff's claimed damages against Defendants total approximately $1,500,000. *See Ex. 1, Compl. ¶16.* Thus the "amount in controversy" requirement is clearly met.

18.    Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy exceeds $75,000.00.

## LEGAL ARGUMENT

19.    As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

20.    Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Defendants, though, do not waive their right to contest venue, including pursuant to 28 U.S.C. §1404.

21.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being

served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of New Hanover County, North Carolina.

22. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, is attached hereto as Exhibits 5 and 6, respectively.

23. This Notice of Removal is not a waiver of Defendants' defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Defendants may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendants, Palomar Insurance Holdings and Palomar Specialty, requests that the above-captioned action be removed from the Superior Court of New Hanover County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

BUTLER WEIHMULLER KATZ CRAIG LLP

 /s/ L. Andrew Watson_____
L. Andrew Watson
NC Bar No.: 41812
Roman C. Harper
NC Bar No.: 53995
11605 North Community House Road, Ste. 150
Charlotte, NC 28277
PH: (704) 543-2321
FX: (704) 543-2324
E: awatson@butler.legal
    rharper@butler.legal
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the ___8th___ day of January, 2020, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by placing the same, postage prepaid, in the United States Mail addressed to the following persons, as well as filing the same with the above-captioned court via ECF Pacer:

Michael S. Davenport
Gregory R. Simons
The Law Offices of Michael Davenport, P.C.
2505 South College Road
Wilmington, NC 28412
*Counsel for Plaintiff*

                                                ___s/ L. Andrew Watson_____
                                                   L. Andrew Watson